# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:19-cr-404-WFJ-JSS

FAUSTO HURTADO-CANDELO

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Before the Court is Defendant Fausto Hurtado-Candelo's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 227. The United States filed a response in opposition. Doc. 229. Upon review of the submissions, the Court denies Defendant's motion.

## LEGAL STANDARD

Per 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence to imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 824 (2010) (internal quotation marks omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted their administrative remedies, the Court may exercise its discretion to reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if 1) extraordinary and compelling reasons warrant such a reduction, and 2) such a reduction is consistent with the Sentencing

1

Commission's applicable policy statements. *United States v. Smith,* No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

On July 30, 2021, this Court sentenced Mr. Hurtado-Candelo to be imprisoned for 135 months following his plea of guilty to conspiracy to distribute and possess with intent to distribute five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 195. After serving 35 months of his sentence, Mr. Hurtado-Candelo filed this motion for compassionate release, noting that the Warden denied his administrative request for sentence reduction. Doc. 227. He lists his medical issues as "vision imperilment," "pain on shoulder," and that "he [has] already been infected by covid-19." *Id*.

The United States agrees that the Defendant has exhausted his administrative remedies, but argues that he has not identified extraordinary and compelling reasons that warrant compassionate release. Doc. 229 at 5. The Court agrees.

According to the Sentencing Commission's applicable policy statement, extraordinary and compelling reasons here include 1) terminal illness, and 2) a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility . . . ." USSG §1B1.13, comment. (n.1(A)).

Mr. Hurtado-Candelo has failed to demonstrate extraordinary and compelling medical reasons that warrant his compassionate release. His "vision imperilment" results from pterygium of the eye and an "unspecified disorder of the lens." Doc. 229 at 7; Ex. C at 52. He has received eyeglasses to correct his vision problems, and they have not prevented him from being on a work detail. Doc. 229 at 7; Ex. B at 25, Ex. C at 4, 59.

The Defendant's doctor described his "pain on shoulder" as "a little lower back and right shoulder pain X 4years [sic]." Doc. 229 at 7; Ex. C at 30. It does limit Defendant's range of motion, but is not listed as a current issue in his health problems report. Doc. 229 at 7, Ex. C at 30, 38, 52.

Lastly, Mr. Hurtado-Candelo has since recovered from his previous COVID-19 infection, during which time he was vaccinated and asymptomatic. Doc 229 at 8; Ex. B, Ex. C at 57. *See, e.g.*, *United States v. Gutierrez,* No. 8:11-cr-345-VMC-AAS, 2021 WL 1117317, at *2 (M.D. Fla. Mar. 24, 2021) ("[Inmate's] previous infection with COVID-19 in December 2020, which does not appear to have been severe and from which [inmate] recovered in February 2021, does not justify compassionate release."); *United States v. Coleman,* No. 6:11-cr-247-JA-KRS, 2020 WL 5912333, at *3 (M.D. Fla. Oct. 6, 2020) ("[T]he mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release.").

Accordingly, because Defendant's ailments are neither terminal nor so serious that he has substantially diminished ability to care for himself in prison, Defendant

has not identified any extraordinary and compelling reason that warrants his compassionate release. USSG §1B1.13, comment. (n.1(A)).

Furthermore, the 18 U.S.C. § 3553(a) factors weigh against Mr. Hurtado-Candelo's release. Some of these factors to consider when imposing a sentence include the nature of the offense, and the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, afford adequate deterrence against future criminal conduct, and protect the public. 18 U.S.C. § 3553(a); *See also* USSG §1B1.13(2) ("[T]he court may reduce a term of imprisonment . . . if . . . [t]he defendant is not a danger to the safety of any other person or to the community . . . ."). Because Defendant conspired to smuggle between 5,000 and 8,000 kilograms of cocaine, his offense posed an incredible threat to the public. Doc. 229 at 9. Defendant's service of only 35 months out of his 135-month sentence would not provide just punishment, promote respect for the law, or afford adequate deterrence to criminal conduct. Doc. 229 at 9-10. As such, the 18 U.S.C. § 3553(a) factors do not support his release.

## CONCLUSION

Defendant's motion for compassionate release, doc. 227, is thus **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on July 25, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE